[No. 1178.]

# J. W. SIMPSON, APPELLANT, *v.* JOHN WILLIAMS ET AL., RESPONDENTS.

PRIOR APPROPRIATION OF WATER—EVIDENCE.—Upon a review of the evidence: *Held*, that the court did not err in finding that defendant's appropriation of the water was prior in time to that of plaintiff.

IDEM—AMOUNT OF WATER USED.—The amount of water to which the first appropriator is entitled must be limited to the amount actually applied to the purpose of irrigation.

IDEM—CONFLICT OF EVIDENCE.—This court will not interfere with the decision of the lower court upon the determination of a fact if there is a substantial conflict in the evidence.

POSSESSION OF LAND—PARTY IN POSSESSION MAY MAINTAIN ACTION FOR AN INTERFERENCE WITH HIS RIGHTS.—Defendant had a contract for the purchase of land and was in the possession thereof. At the trial no objection was made to the testimony showing the nature of his possession and his right to use the water in controversy: *Held*, that the defendant must be treated as the lawful occupant of the premises, and hence entitled to maintain the action for interference with his rights, injurious to his possession.

APPEAL from the District Court of the Fifth Judicial District, Nye County.

The facts are sufficiently stated in the opinion.

*D. S. Truman*, for Appellant:

I. The right to the use of water, whenever acquired by appropriation, or otherwise, is an interest in land and cannot be granted or created except by operation of law, or by deed or conveyance in writing, subscribed by the party creating or granting the same. (Angell on Water Courses, sec. 168; *Morse* v. *Copeland*, 2 Gray 302; *Selden* v. *Del. & Hud. Canal Co.*, 29 N. Y. 639; *Fuhr* v. *Dean*, 26 Mo. 116; *Foot* v. *New Haven & N. H. R. R. Co.*, 23 Conn. 214; *Smith* v. *O'Hara*, 43 Cal. 371; *Lobdell* v. *Hall*, 3 Nev. 507; 1 Comp. Laws, 283.)

II. Williams pleads the legal title in himself. He does not set up his equitable rights, nor does he allege an outstanding title in Withington. If the defendant Williams relies on an equitable title, it must be pleaded and the answer setting it up must possess all the elements and essen-

tial qualities of a bill in equity. (Bliss on Code Pl. sec. 161; *Blum* v. *Robertson*, 24 Cal. 127; *Clark* v. *Huber*, 25 Id. 593; *Bruck* v. *Tucker*, 42 Id. 346.)

III. The defendant Williams having pleaded the legal title in himself, and not having pleaded the equitable title, must recover according to his pleadings or not at all. (Bliss on Code Pl. sec. 161; *Rome Ex. Bank* v. *Eames*, 1 Keyes 588; *Tryon* v. *Sutton*, 13 Cal. 493; *Marshall* v. *Golden Fleece Co.*, 16 Nev. 156; *Low* v. *Blackburn*, 2 Nev. 70.)

IV. Williams did not occupy the land or use the water until 1879. He did not show a legal title in himself derived from his alleged grantors at any time, and without having connected himself with proper pleadings or evidence in these causes, with their rights, if he had any rights at all they only date from his own acts. His appropriation in 1879 must be treated as the inception of his rights in these actions. (*Chitovich* v. *Davis*, 17 Nev. 133.)

V. If the court is right in decreeing any water of Duck-water creek to defendant, it can only decree such portion as flows through the west branch, or such portion thereof as the evidence shows him entitled to. By the findings in these cases the pleadings are entirely disregarded by the court, and a conclusion is reached and decree given entirely foreign to pleadings and prayer for relief of defendant. The court finds defendant Williams entitled to two hundred inches of the *water of Duckwater creek or the west branch thereof.* Such findings give defendant not only a right of enjoyment of what he claims, but much that he does not, and while by the most liberal interpretation of the evidence and after the enlargement of the ditches upon the land, he claims one hundred and fifty inches, this is the greatest quantity shown to which any claim could be made by him. The defendant's evidence shows that no such quantity as two hundred inches was ever used by him.

No appearance for respondent.

By the Court, BELKNAP, J.:

This is an action to determine conflicting rights to the

waters of Duckwater creek.   The district court rendered a
decree in favor of defendant, predicated upon the fact that
his appropriation of the water was prior in time to that of
the plaintiff.   It is contended that this conclusion is unsup-
ported by the evidence.   It was shown at the trial that
during the year 1866 J. D. Page had made claim to the
land occupied by defendant, Williams, and diverted several
hundred inches of the waters of the creek.   Page made no
use of the water, and his diversion of it appears to have
been for a speculative purpose.     But this is immaterial,
under the facts of the case, because in the following year he
sold his rights to Withington, and he, as early as the spring
of 1868, commenced using the waters for the purpose of
irrigation.   The first appropriation of the waters by the
predecessors in interest of the plaintiff was made in the fall
of 1868.   There is no conflict in the testimony upon these
facts, and the court correctly determined the question of
priority of appropriation in favor of defendant.   The district
court awarded defendant the prior right to use two hundred
inches of water.   It is claimed that this allowance is unsup-
ported by the evidence.

The witnesses for the defendant generally testified that
since the year 1870 about one hundred acres of the
lands occupied by defendant had been cultivated for grain
and vegetables, and about fifty acres had been kept as
meadow land.   They estimated the volume of water used
for the purpose of irrigation at from one hundred and thirty
inches to one hundred and fifty inches.   Those who testi-
fied upon the point gave as their opinion that lands culti-
vated for grain or vegetables required an inch of water per
acre, and that hay or grass lands required about half that
amount.   One witness, however, A. M. Self, testified that
"one hundred acres of grass land requires one hundred
inches of water."   And it was shown that during the years
1874 and 1875, two hundred acres of the land—one hun-
dred of which was cultivated and the remainder meadow—
was irrigated.   This was the maximum acreage irrigated.
The amount of water to which defendant is entitled is lim-

ited to the amount actually applied to the purposes of irri-
gation.  In determining this amount the court apparently
disregarded the testimony of the witnesses who fixed it at
from one hundred and thirty inches to one hundred and
fifty inches, and, accepting the testimony of the witness
Self, concluded that the amount of water actually used to
irrigate the two hundred acres of land must have been two
hundred inches.  The finding is further sustained by the
testimony of Withington, who said that from the spring
of 1867 until the summer of 1878, two hundred and fifty
inches of water was used throughout the irrigating season
of each year.

The evidence was conflicting as to the quantity of water
used.  It is the peculiar province of the trial court to
determine controverted questions of fact, and this court can-
not interfere with such determination where there is a sub-
stantial conflict in the evidence.  Appellant also contends
that defendant has not such an interest in the land as enables
him to maintain the affirmative defense of ownership pleaded
by him.  It appeared that the land was owned by Withing-
ton, between whom and defendant there existed a contract
of purchase and sale.  Defendant had been in possession of
the premises for some time, but the nature of his possession
is not disclosed by the record.  No objection, however, was
made to the introduction of testimony proceeding upon the
theory of a right in Williams to the possession of the land,
and the use of the waters of the creek.  Under these circum-
stances we must disregard questions first made upon motion
for new trial, and which could have been obviated by
amendment of the pleadings had objections been seasonably
taken, and consider whether the facts of defendant's
(Williams') case constitute a defense to this action.  The
justice of the case requires that he should be treated, for
the purposes of this appeal, as the lawful occupant of the
premises.  As such occupant he could maintain an action
for any interference with his rights injurious to his possession.
The rule is thus stated in Dicey on Parties, 333:

"The person to sue for any interference with the imme-

diate enjoyment or possession of land, or other real property, is the person who has possession of it, and no one can sue merely for such an interference who has not possession.''

As the result of this principle, the author states, at page 340, ''that when land is in the hands of a tenant, the person to sue for a trespass is the tenant, and not the landlord.''

The judgment and order of the district court are affirmed.